[No. 2203-1. Division One. March 18, 1974.]

THE CITY OF SEATTLE, *Respondent*, v. EUGENE FETTIG, *Appellant*.

*David R. Collins*, for appellant.

*John P. Harris, Corporation Counsel*, and *Myron L. Cornelius, Assistant*, for respondent.

FARRIS, J.—Eugene Fettig was convicted of driving while intoxicated. He appeals.

On October 25, 1972, at approximately 2 a.m., Fettig was arrested and charged by Seattle police with negligent driving and driving while intoxicated. Immediately upon arrest, he was transported to the police station where he was given a breathalyzer test (reading .12) and performed physical tests, which were recorded on video tape. On November 14, 1972, Fettig was tried in Seattle Municipal

Court. The video tape of the physical tests was a part of the city's case, along with police testimony and the breathalyzer results. Fettig was found not guilty of negligent driving and guilty of driving while intoxicated. He appealed his conviction to the Superior Court where, on March 5, 1973, the case was tried de novo before a jury. At the beginning of the trial, Fettig moved to dismiss the charges on the ground that the police had negligently destroyed the video tape of his physical tests, thereby denying due process of law. In the alternative, he requested that the jury be given an instruction that it could infer that the video tape, had it been available, would have corroborated his testimony that he was not under the influence of alcohol and rebutted the testimony of the police officers. The motion to dismiss was denied and the requested instruction was refused.

Fettig thereafter offered testimony of the municipal court judge who first heard the matter in an effort to demonstrate that the video tape was material and exculpatory. As a condition of admitting that testimony, the trial court required that the municipal court judge be permitted to testify to having found Fettig guilty. Rather than accept the condition, Fettig withdrew his offer of proof except insofar as it supported his pretrial motion to dismiss. The jury found Fettig guilty of driving while intoxicated; he was fined and given a suspended jail sentence.

The appeal questions whether the trial court erred in (1) failing to dismiss on the ground that the destruction of the video tape was a suppression of material and exculpatory evidence in violation of due process; (2) refusing to instruct the jury that it could infer that the video tape would have negated evidence of the defendant's intoxication, and (3) ruling that the testimony of the municipal court judge in the trial de novo must be permitted to include his finding of guilt as well as his belief in the exculpatory nature of the tape.

█ *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963) recognized the right that is here as-

.serted. The principle was restated in *State v. Temple,* 5 Wn. App. 1, 8, 485 P.2d 93 (1971):

A suppression by the prosecution of material evidence favorable to a criminal defendant violates the due process clause of the Fourteenth Amendment irrespective of the good faith of the prosecution.

In the present case the video tape was negligently destroyed and thereby suppressed. Although the police destroyed the video tape, their acts are chargeable to the prosecutor; the suppression therefore was "by the prosecution." *Barbee v. Warden,* 331 F.2d 842 (4th Cir. 1964); *Imbler v. Craven,* 298 F. Supp. 795, 806 (C.D. Cal. 1969); *Evans v. Kropp,* 254 F. Supp. 218, 222 (E.D. Mich. 1966). Moreover, that the suppression was negligent rather than deliberate is not material here; the defendant's due process rights are affected in either case. *See Giglio v. United States,* 405 U.S. 150, 31 L. Ed. 2d 104, 92 S. Ct. 763 (1972); *Thomas v. United States,* 343 F.2d 49 (9th Cir. 1965); *Hanson v. Cupp,* 5 Ore. App. 312, 484 P.2d 847 (1971).

The crucial question, then, is whether the video tape was "material evidence favorable to a criminal defendant."

The police officer witnesses were permitted to testify as to their observations regarding Fettig's performance on the physical tests. The video tape was a record of that performance, either substantiating or rebutting the officers' testimony. It was therefore material to Fettig's case since the testimony of the officers was the only evidence admitted against him, except the rebuttable presumption of intoxication evidenced by the .12 breathalyzer reading. *See Trimble v. State,* 75 N.M. 183, 402 P.2d 162 (1965).

The municipal court judge testified (as a part of Fettig's offer of proof):

I recall a case on or about that time, and I think it was this defendant although I am not certain, in which the activity of the video tape indicated a fairly clear capacity, a want of intoxication. . . .

. . . .

Q Thank you. Now you indicated that at about that

time, probably this case, if that is a fair restatement, you viewed a video tape taken for the purpose of disclosing sobriety tests at the Seattle police station which was not persuasive in and of itself?

ιA No, on the contrary, I viewed in one case that the video tape evidence negated an impression of intoxication.

Fettig offered to provide testimony that the municipal court judge, despite his present uncertainty as to which case he remembered, had commented after Fettig's trial that the video tape negated an impression of intoxication.

The Fourth Circuit has held that the reviewing court need not find that the defendant proved beyond a reasonable doubt that the suppressed evidence would have been favorable. To affirm, the reviewing court must find that the trial court would have given "no weight" to such evidence. *Barbee v. Warden, supra* at 845. It is not necessary to determine whether the "no weight" test should apply in this jurisdiction. A reasonable possibility that the suppressed video tape tended to rebut the police testimony while corroborating that of the defendant is indicated by the defendant's offer of proof. We therefore hold that the video tape was favorable within the meaning of *Brady v. Maryland, supra.*

The requirement of *Brady* that the suppressed evidence be material and favorable to the defendant is satisfied. The negligent destruction of the video tape therefore violated the due process clause of the Fourteenth Amendment.

The trial court properly refused Fettig's proposed instruction No. 9:

You are instructed that in this case there was evidence in the form of a video tape taken between 0255 hours and 0300 hours where upon the defendant's performance on physical tests of his sobriety was recorded after he was taken to the police station.

Because this evidence was in the possession of the Seattle Police Department, and would have ordinarily have been produced as part of the city's case, and because this tape was destroyed, you may infer that had this evidence been produced, it would have corroborated

the testimony of the defendant, and rebutted that of the police officers, concerning the defendant's ability to perform sobriety tests at the police station.

There is no rule of law or statute that requires a jury to presume that suppressed evidence is favorable to the accused.

We need not reach the question of whether the court's limitation of Fettig's offer of proof was error. The offer was withdrawn by Fettig except for the purpose of considering his motion to dismiss.

Reversed.

HOROWITZ and WILLIAMS, JJ., concur.