Argued October 24, affirmed November 18, 1974, petition
for review denied January 21, 1975

STATE OF OREGON, *Respondent, v.*
ROBERT LLOYD HAND (No. 43686), *Appellant.*

528 P2d 126

*Gary D. Babcock,* Public Defender, Salem, argued
the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney Gen-

eral, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

The defendant, having been convicted of criminal activity in drugs, ORS 167.207, appeals on the ground that the district attorney failed to make pretrial disclosure to him as required by ORS 135.815.①

During the course of the trial the state called an undercover agent, Odom, as a witness. Prior to trial the defendant had been furnished with a typewritten statement purporting to be that of Odom. When Odom was on the witness stand, on cross-examination the following developed: (1) he had made notes in a notebook concerning the pertinent events at the time of their occurrence; (2) prior to trial he had dictated a narrative statement onto a cassette recorder and turned the cassette over to the district attorney; and (3) the district attorney had caused the cassette recording to be transcribed and had given a copy of the transcription (the typed statement above-mentioned) to defense counsel. The record does not contain a copy

---

① "Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:

"(1) The names and addresses of persons whom he intends to call as witnesses at any state [sic] of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.

"* * * * *." ORS 135.815.

of the transcription and we do not know whether it was signed or whether anything on it indicated that it was typed by the witness, the product of dictation to a stenographer or of transcription from a tape. Nothing in the record indicates that prior to trial Odom told the district attorney or anybody else that he had a notebook or had used the notations in it in recording his recollections.

When Odom testified, he had some papers in his hand. On cross-examination it developed that they were notes he had made that day from his notebook for the purpose of refreshing his memory prior to testifying. During the colloquy which ensued the defense counsel contended, and there is nothing in the record to indicate to the contrary, that this was the first time he had ever heard of the manner in which Odom's narrative statement was made, or of the existence of the notebook.

We need not here consider whether the existence of the cassette recording or the notebook should have been called to the attention of defense counsel prior to trial under the provisions of ORS 135.815. Defense counsel, relying on ORS 135.865,[2] asked that Odom's testimony be stricken. It is clear from the colloquy which ensued that the trial court told defense counsel that if he wanted to listen to the tape in order to verify the accuracy of the transcription, that would be a reasonable request, and that if he wanted to look

[2]
"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate." ORS 135.865.

at any notes that would also be a reasonable request. The remedies set forth in ORS 135.865 for violation of ORS 135.815 are in the alternative and one of the remedies is for the court to order the violating party to permit the inspection of the material. Assuming, *arguendo,* that the statute is applicable here both as to the cassette and the notebook,[9] nothing in the statute gives defense counsel rather than the trial judge the choice of reasonable alternatives. Here defense counsel, by electing to stand on his motion to strike rather than taking the opportunity to determine whether or not there was anything in the recording or in the notebook inconsistent with Odom's typed statement or testimony, in effect took the position that any breach of any statute by the prosecutor constituted reversible error. This is not the law. It is only prejudicial error which warrants reversal.

Affirmed.

---

[9] While we are not called upon to decide the applicability of ORS 135.815 to the cassette or the notebook, and do not so decide, it would seem generally wise to note on a typewritten statement its source. We also note that this is not a situation like Hanson v. Cupp, 5 Or App 312, 484 P2d 847 (1971), in which the prosecution, knowing of evidence favorable to the defendant, failed to disclose it.