Argued December 17, 1974, affirmed January 14, reconsideration denied February 20, petition for review denied March 11, 1975

STATE OF OREGON (No. 74 0705), *Respondent,*
*v.* WILLIE B. CURTIS, *Appellant.*

530 P2d 520

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

Defendant was convicted of robbing a grocer. ORS 164.405. On appeal he assigns as error: (1) the trial court's denial of defendant's motion for a continuance; (2) the trial court's refusal to admit evidence of specific instances of defendant's good character; (3) the trial court's refusal to exclude the testimony of a state's witness whose name had not been given as a potential witness to the defense counsel

before trial; and (4) the trial court's refusal to grant a mistrial because the state failed to make pretrial disclosure of oral statements made to a police officer by the defendant which were not contained in the police reports.

1. Motion for continuance

On the day of trial defendant orally moved for a continuance in order to locate alibi witnesses in addition to the several that he already had available to testify. A ruling on a motion for a continuance will not be disturbed absent a showing of abuse of discretion by the trial court. *State v. Young,* 1 Or App 562, 463 P2d 374, Sup Ct *review denied* (1970). In the case at bar defendant had the services of an attorney and an investigator to assist him in his preparation for trial. Furthermore, when defendant made his motion he gave no specific facts as to whom he hoped to locate if the continuance was granted. And, in any event, defendant offered no affidavit showing "sufficient cause" as is required by ORS 136.070.[①] *See, State v. Longoria,* 17 Or App 1, 520 P2d 912, Sup Ct *review denied* (1974).

2. Character evidence

The court did not err in its refusal to allow the testimony of one Rev. Dodd concerning specific instances of worthy behavior by the defendant. The rule in Oregon is, and long has been, that a litigant's character may be proved only by his general reputa-

---

[①] ORS 136.070 provides:

"When a case is at issue upon a question of fact and before the same is called for trial, the court may, upon sufficient cause shown by the affidavit of the defendant or the statement of the district attorney, direct the trial to be postponed for a reasonable period of time."

tion in the community. *State v. Bateham,* 94 Or 524, 186 P 5 (1919). This is also the rule in most other jurisdictions. *See,* McCormick, Evidence 454, 455, § 191 (2d ed Cleary 1972).

> 3. The state's use of a witness whose name had not been given to defendant prior to trial

■ During the course of trial defendant objected to the admission of certain evidence on the ground that the chain of custody had not been established. The state then called Officer Fegles, the property officer, to establish the chain of custody. Defendant then objected to Fegles' testimony but made no motion for a continuance or claim of prejudice. Assuming arguendo that the state should have anticipated that it would need to call Officer Fegles and therefore should have listed him as a witness, absent some showing of prejudice no reversible error was committed. ORS 135.865[2] makes it clear that not every breach of duty imposed by the pretrial discovery statutes, ORS 135.805 et seq, requires suppression of the proffered evidence. *See, State v. Hand,* 19 Or App 514, 528 P2d 126 (1974), Sup Ct *review denied* (1975).

> 4. The trial court's refusal to grant a mistrial on the prosecution's failure to disclose oral statements made by the defendant which were not contained in police reports

ORS 135.815 (2) requires the prosecution to dis-

---

[2] ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

close to a defendant "[a]ny written or recorded statements or memoranda of any oral statements made by the defendant, or made by a codefendant if the trial is to be a joint one." At trial an officer testified concerning his conversation with defendant at the time of defendant's arrest. The defendant objected to this testimony because it was not memorialized in the police report made following the arrest. Defense counsel moved for a mistrial solely on the basis that the discovery statute had been violated and not on any claim of prejudice.

The language of the pertinent portion of the discovery statute, ORS 135.815(2), is not as broad as the language contained in the ABA Project on Standards for Criminal Justice, Discovery and Procedure Before Trial 52, 53, § 2.1 (ii) (1970), which would require disclosure of "any written or recorded statements and the substance of any oral statements made by the accused * * *." The Criminal Law Revision Commission had the ABA Proposed Standards before it when drafting Oregon's pretrial discovery statutes, *see,* Proposed Oregon Criminal Procedure Code 186, § 322, Commentary (1972). However, we need not here decide that it was not the intent of Oregon's discovery statute that unrecorded statements would be subject to discovery.

■ Discovery of unrecorded comments is not always necessary to due process. In *Wardius v. Oregon,* 412 US 470, 98 S Ct 2208, 37 L Ed 2d 82 (1973), the United States Supreme Court specifically limited the requirements of due process in pretrial discovery, stating:

"But although the Due Process Clause has little to say regarding the amount of discovery

which the parties must be afforded * * * it does speak to the balance of forces between the accused and his accuser * * *." 412 US at 474.

Defendant makes no claim of prejudice resulting from the court's ruling. What we said about the necessity of a showing of prejudice in dealing with the third assignment of error, supra, has equal force with regard to this assignment.

Affirmed.