Argued May 27, affirmed June 16, reconsideration denied July 23, petition for review allowed September 23, 1975

# STATE OF OREGON, *Respondent, v.* GARRETT CANER WOLFE, also known as GARRETTE CANER WOLFE (No. 73 5133), *Appellant.*

### 536 P2d 555

*John K. Hoover,* Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

Defendant was convicted by a jury verdict of theft in the first degree. On appeal he makes one assignment of error: The trial court erred in suppressing the testimony of two defense witnesses because defendant had not given the state notice that he intended to call them as witnesses.

During trial defense counsel attempted to call as a defense witness Frances Howard. The state objected on the ground that defendant had not complied with the provisions of ORS 135.835, which provides in part:

"Except as otherwise provided in ORS 135.855 and 135.873, the defendant shall disclose to the district attorney the following material and information within his possession or control:

"(1) The names and addresses of persons, including himself, whom he intends to call as witnesses at the trial, together with relevant written or recorded statements or memoranda of any oral statements of such persons other than himself."

After listening to arguments on the objection the court ruled that defendant had not given proper notice and refused to allow Howard to testify.

Later in the trial defendant called Shay Boyd as a defense witness. The state also objected to the

testimony of Boyd on the ground that it had not been furnished the name of Boyd as required by ORS 135.835. The court refused to allow Boyd to testify for the same reason Howard's testimony was suppressed.

The state contends that there is no cognizable issue on appeal because after the court refused to allow the witnesses to testify defendant did not make an offer of proof in order to preserve this issue for appeal.

With respect to witness Howard the state is correct. We have examined the transcript, and we are unable to find an offer of proof as to Howard. However, with respect to Boyd, defendant clearly made an offer of proof to preserve this issue, as to Boyd only, on appeal:

> "MR. JAMES: Your Honor, the reason I have asked to have just a moment to put something on the record is in connection with my calling Shay Boyd to the stand and not being able to continue with her testimony.
>
> "I would like to state for the record what I anticipated her testimony would be.
>
> "* * * * *
>
> "This testimony was offered in impeachment of questions that were put to George Morton, Detective Morton from the Eugene Police Department on his direct examination the prior day."

Turning our attention to the pretrial discovery statutes, we note that ORS 135.865 clearly authorizes the circuit court to suppress testimony by any witness if a party has failed to comply with the provisions of ORS 135.835. ORS 135.865 provides:

> "Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a con-

tinuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

Defendant relies on *State v. Curtis,* 20 Or App 35, 530 P2d 520, Sup Ct *review denied* (1975), to support the proposition that refusal to allow a witness to testify for failure to comply with the discovery provisions should be invoked only when a continuance or right of inspection would be prejudicial to the other party. Defendant misinterprets our holding in *Curtis.*

In *Curtis* the court allowed testimony from a state's witness whom defendant had not been notified was going to testify. Defendant contended reversible error since the provisions of the pretrial discovery statute had not been followed. We held that not every breach of duty imposed by the pretrial discovery statutes requires suppression of the proffered evidence, and that without some showing of prejudice no reversible error was committed when the court allowed the state's witness to testify. *State v. Curtis,* supra at 38. *Curtis* does not hold that unless there is some showing of prejudice a witness should be allowed to testify in spite of the fact that there has been a breach of duty imposed by the pretrial discovery statutes.

It is within the discretion of the trial judge to suppress evidence if the pretrial discovery statutes are not followed. ORS 135.865. Without a showing of abuse of the court's discretion, we cannot say that the court should have chosen one alternative available in ORS 135.865 over another. There is no evidence of abuse of the trial court's discretion in the present case, and the verdict must be affirmed.

Affirmed.