Argued October 10, affirmed November 14, 1975

STATE OF OREGON, *Respondent, v.*
GARRETT CANER WOLFE, *Petitioner.*

542 P2d 482

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Timothy Wood, Assistant Attorney General, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

Defendant was convicted of theft of a safe and contents from a store in Eugene. In appealing to the Court of Appeals he contended that the trial court erred in sustaining the state's objections to the testimony of two defense witnesses on the ground that the defendant had failed to comply with the requirements of ORS 135.835 by previously disclosing to the state the names of such witnesses.

The Court of Appeals affirmed the judgment of conviction. 21 Or App 476, 536 P2d 555 (1975). We

granted defendant's petition for review because of concern whether, in reaching that result, the Court of Appeals properly construed and applied the Oregon criminal discovery statutes to the facts of this case.

## 1. *Defendant's duty of disclosure.*

The trial of this case began on Tuesday, July 16, 1974. On Wednesday, July 24, after five days of trial, the state rested its case. The defense called as its first witness Frances Howard. The state objected on the ground that defendant had not previously disclosed to the state the name of that witness, as required by ORS 135.835. In response the defense attorney stated that he told the prosecuting attorney "yesterday that I intended to call a number of people, and I don't know whether I gave him the names." The trial judge held that "under the provisions of [ORS] 135.865, the court is going to refuse to permit the witness to testify." The defendant made no offer of proof of what the witness's testimony would have been.

██ Under these facts we agree with the trial court and the Court of Appeals that under the terms of ORS 135.835, 135.845 and 135.865 the trial court was justified in invoking sanctions provided by ORS 135.-865 for use in the event of violations of ORS 135.835 and 135.845.① The Court of Appeals was also correct

---

① ORS 135.835 provides, in part:

"Except as otherwise provided in ORS 135.855 and 135.873, the defendant shall disclose to the district attorney the following material and information within his possession or control:

"(1) The names and addresses of persons, including himself, whom he intends to call as witnesses at the trial, together with relevant written or recorded statements or memoranda of any oral statements of such persons other than himself."

ORS 135.845 provides:

"(1) The obligations to disclose shall be performed as soon as practicable following the filing of an indictment or

in holding that in the absence of an offer of proof any error in the refusal of the trial court to permit this witness to testify, as provided by ORS 135.865, did not present a "cognizable issue on appeal."

A more serious question, however, is presented by defendant's contention that the trial court also erred in sustaining the same objection by the state to the testimony of a second witness, Mrs. Shay Boyd, in view of defendant's contention at the time that her testimony would be "in rebuttal and impeachment of a state witness."

The opinion of the Court of Appeals, in affirming the exclusion by the trial judge of the testimony of this witness and in quoting only the provisions of ORS 135.835(1), appears to hold that such a ruling was proper by reason of the provisions of ORS 135.835(1) and 135.845(1), under which a defendant is required to disclose to the state the names of persons "whom he intends to call as witnesses at the trial" and to do so "as soon as practicable following the filing of an indictment or information."[2]

---

information in the circuit court or the filing of a complaint charging a misdemeanor or violation of a city ordinance. The court may supervise the exercise of discovery to the extent necessary to ensure that it proceeds properly and expeditiously.

"(2) If, after complying with the provisions of ORS 135.-805 to 135.873, a party finds, either before or during trial, additional material or information which is subject to or covered by these provisions, he must promptly notify the other party of the additional material or information."

ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

[2] See statutes as quoted in note 1.

It appears from a reading of the provisions of these statutes that, depending upon the facts of the particular case, these provisions of ORS 135.835(1) and 135.845(1) may have no proper application to a defense witness who is called to impeach the testimony of a state's witness. Thus, it may not develop until the trial is in progress that a state's witness has given testimony which is subject to impeachment by some person the defense had not previously intended to call as a witness.

It does not follow, however, that in such an event the defendant has no duty to disclose to the state the name of such a witness. ORS 135.845(2) provides that if a party finds "either before or *during trial, additional material or information* which is subject to or covered by these provisions, he must *promptly* notify the other party of the additional material or information." (Emphasis added)

It appears from the record in this case that Mrs. Boyd was offered by defendant as a witness on Wednesday, July 24, and that upon objection by the state to her testimony the attorney for defendant made the following statement:

"*I learned Friday,* Your Honor, that there was a subpoena issued by the state for Mrs. Boyd.

"I learned from an interview with her of a conversation that had taken place between her and Officer Morton. I asked Officer Morton about that conversation while he was on the stand.

"There was no objection. I contacted Mrs. Boyd, and *she has been here yesterday* and today *to testify in the case.*

"It's in rebuttal and impeachment of a state witness." (Emphasis added)

It also appears that it was on the previous day, Tuesday, July 23, that defendant's attorney had cross-

examined Officer Morton about his conversation with Mrs. Boyd.

■ Under these circumstances, it appears that defendant's attorney learned of this "additional material or information" on the day prior to calling Mrs. Boyd as a witness, at the latest, and did not then "promptly notify" the state of his intention to call her as a defense witness, as required by ORS 135.845(2). On this basis we hold that the trial judge was justified in invoking sanctions provided by ORS 135.865 for use in the event of violations of ORS 135.845(2).

2. *The exclusion of testimony as a penalty for violation of disclosure statute.*

Defendant also contends in his petition for review that both the trial court and the Court of Appeals erred for the additional reason that to impose the extreme sanction of "refus[ing] to permit the witness to testify" was improper in this case because the state made no showing that it would be prejudiced by permitting defendant to call Mrs. Boyd as a witness. Thus, defendant contends:

"* * * Refusal to allow a witness to testify is the ultimate penalty for failure to comply with the discovery provisions and should be invoked only when a continuance or right of inspection would be prejudicial to the other party. Defendant was denied the right to present an effective defense, and the court abused its discretion by sustaining the state's objections upon no rational basis."

In support of this contention defendant also says that Mrs. Boyd had been interviewed by the state and subpoenaed by it; that defendant's attorney thought that he had mentioned to the state attorney that he was going to call her, but could not be sure; and that,

in any event, the state could not be prejudiced "because they knew that she is a possible witness."

Defendant supports this contention by citing *State v. Curtis,* 20 Or App 35, 530 P2d 520 (1975), in which the Court of Appeals affirmed a conviction in a criminal case where the state had been permitted to call a witness whose name had not been previously disclosed to the defendant, pointing out that defendant made no claim of prejudice at the time of trial and holding that "absent some showing of prejudice no reversible error was committed."

We agree with the Court of Appeals in its opinion in this case to the effect that its previous opinion in *Curtis* does not impose a requirement that a party to a criminal case may not object to the calling against him of a witness whose name has not been previously disclosed by the other party unless he can show that he would be prejudiced by the calling of that witness. Neither does *Curtis* require the trial court to make a finding of prejudice in such a case as a condition of sustaining an objection to the testimony of such a witness.

■ By the terms of ORS 135.865, broad discretion is conferred upon the trial court in the choice of sanctions to be imposed in the event of a failure to disclose the names of witnesses in a criminal case, contrary to the provisions of ORS 135.835 and 135.845. Thus, the statute provides that in such an event:

"* * * [T]he court *may* order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate." (Emphasis added)

■ The presence or absence of prejudice is a most important factor to be considered by the trial court

in exercising the discretion conferred upon it by ORS 135.865 in the choice of sanctions, particularly in imposing the extreme sanction of refusing to receive in evidence the material not disclosed. The terms of the statute, however, do not appear to make the presence or absence of prejudice a necessary factor in the exercise of the discretion conferred by the statute in the choice of any of the sanctions to be imposed by its terms.

As pointed out by the special concurring opinion, a possible problem may arise in the event that a defendant contends that to impose the sanction of refusing to permit a witness called by him to testify would violate his rights under the Sixth Amendment of the Constitution of the United States which provides that "in all criminal prosecutions, the accused shall * * * have compulsory process for obtaining witnesses in his favor * * *."[9]

We need not decide that question in this case, however, because defendant made no contention that any of his constitutional rights were violated, either

---

[9] See Note, The Preclusion Sanction—A Violation of the Constitutional Right to Present a Defense, 81 Yale L J 1342 (1972); Comment, Constitutional Infirmities of the Revised Illinois Rules of Criminal Discovery, 7 John Marshall J of Prac and Proc 364, 387-393 (1974); cf. *Washington v. Texas,* 388 US 14 (1967). But see *State ex rel Simos v. Burke,* 41 Wis 2d 129, 163 NW2d 177, 181-182 (1968).

ORS 135.865, which provides sanctions for failure to comply with statutory discovery provisions, appears to be based upon provisions included in Rule 16(g) of the Federal Rules of Criminal Procedure, 18 USCA 16(g). It is of interest to note, however, that § 4.7 of the American Bar Association "Standards Relating to Discovery and Procedure Before Trial" (1970), which was also based upon provisions of Rule 16(g), does not specifically include the "preclusion sanction." Specific reference to that sanction was intentionally omitted by the ABA Committee because "some members of the Committee thought there would be difficulties in applying it against accused persons, and unfairness if the sanction was applied only against the prosecution." ABA Standards, *supra,* Commentary at 107.

on trial, in the Court of Appeals, or in this court. See *Delaney v. Gladden,* 232 Or 306, 374 P2d 746 (1962).

■ A further reason why we need not consider that constitutional question in this case, even on our own motion, is that it appears from the record that the testimony of Mrs. Boyd would have been inadmissible even in the event that defendant had been permitted to offer her testimony because it would have violated the established rule that when a witness has been cross-examined on a collateral issue, such a witness cannot then be impeached on such an issue by offering the testimony of another witness for the sole purpose of contradicting his testimony on such an issue. See McCormick on Evidence 2d 98-100, § 47 (1972); *Smith v. White,* 231 Or 425, 432-433, 372 P2d 483 (1962); *State v. McCarroll,* 123 Or 173, 177, 261 P 411 (1927).

In this case defendant made no offer of proof at the time of the ruling by the trial court that it would not permit the witness to testify because of the failure of the defendant's attorney to inform the state of the name of the witness. The purpose of defendant's attorney in offering the testimony of Mrs. Boyd appears, however, from the following statement by him on the next day:

"I would like to state for the record what I anticipated her testimony would be.

"Officer Morton, when he was on the stand, testified that he had a subpoena for her at one time and talked to her about the case.

"I talked with Shay Boyd. She indicated to me Officer Morton had approached her about being a witness in this case, had suggested to her that she testify that Roger Thorson had contacted her after being released from jail on this burglary charge and had told her that he was only helping a friend and was not involved in the burglary directly himself.

"She states to me that Roger Thorson never told her—that he never approached her about that matter, and she barely knows Roger Thorson.

"This testimony was offered in impeachment of questions that were put to George Morton, Detective Morton from the Eugene Police Department on his direct examination the prior day."

At that point the state attorney said "That isn't my understanding of the conversation." Defendant's attorney then said:

"I think he testified on my cross-examination that he had approached her with a subpoena and not served it. He also denied suggesting to her what her testimony might be in this case."

Upon examination of the testimony of Officer Morton we find that he was not asked on direct examination about any conversation with Mrs. Boyd, and that it was only on cross-examination by defendant's attorney that he was asked whether he talked with her and had "a subpoena for her in this case" (which he admitted), and whether he "suggest[ed] to her at that time what her testimony would be in this case" (which he denied). An objection by the state to this line of questioning as completely irrelevant was then made and sustained. That ruling is not assigned as error on appeal. However, there was no motion to strike the testimony.

At that time defendant's attorney apparently expected Mrs. Boyd to be called by the state as its witness. The state did not do so, however. It was only then that defendant offered her testimony, and for the limited purpose of impeachment of the testimony given by Officer Morton in response to questions on cross-examination on a wholly collateral issue.

■ It follows that because this testimony by Mrs. Boyd would have been inadmissible, the refusal of the

trial judge to permit her to be called to give that testimony did not constitute reversible error, wholly aside from any constitutional question relating to the application of sanctions provided by ORS 135.865 to the facts of this case.

The judgment of conviction is affirmed.

DENECKE, J., specially concurring.

I concur in that part of the majority opinion holding that the trial court did not err because the witness Boyd's testimony would have been inadmissible for the reason that it would have been an attempt to impeach a witness about a collateral matter raised in the cross-examination of that witness.

The Sixth Amendment to the Federal Constitution and § 11, Art I, of the Oregon Constitution provide that an accused has the right "to have compulsory process for obtaining witnesses in his favor." § 11, Art I, Oregon Constitution. The Sixth Amendment includes the right to examine the witnesses obtained. *Washington v. Texas*, 388 US 14, 87 S Ct 1920, 18 L Ed2d 1019 (1967).

Whether the trial court's order and the statute, ORS 135.865, violate these constitutional provisions was not briefed or argued. My research causes me to conclude that if ORS 135.865 is interpreted to permit the trial court to refuse to permit witnesses to testify when their names have not been furnished to the state, regardless of whether defense counsel's failure prejudiced the state, ORS 135.865 is probably in contravention of these constitutional provisions.

Constitutional rights can be infringed when there is a compelling governmental interest. *United States v. O'Brien*, 391 US 367, 376-377, 88 S Ct 1673, 20 L Ed2d 672, rehr den 393 US 900, 89 S Ct 63, 21 L Ed2d 188 (1968) (public burning of defendant's draft card).

However, even if there is a compelling governmental interest, an infringement will be found invalid if the same interest can be served by means which do not infringe upon the constitutional right. See comment, 78 Yale L J 464 (1969).

There is a state interest in criminal discovery, including notifying the state of the names of witnesses which the defense intends to call. There is a state interest in having the names of witnesses furnished beforehand although the failure does not prejudice the state in the particular case. Prejudice is an elusive concept. By requiring the previous disclosure of all witnesses' names, the issue of prejudice is eliminated and the state's interest of promoting judicial efficiency is furthered. Likewise, judicial efficiency and the state's interest are served by requiring attorneys to comply with state laws.

These objectives can be accomplished without imposing the sanction of preventing the witness from testifying. The commentary on the American Bar Standards for Discovery and Procedure Before Trial, § 4.7, p 108, states: "Similarly, the court's contempt power would seem especially appropriate to willful infractions by lawyers."