Argued May 19, affirmed June 28, reconsideration denied August 4, petition for review denied September 14, 1976

STATE OF OREGON, *Respondent,*

*v.*

RAMON CASTRO, *Appellant.*

(No. 75 2863, CA 5357)

551 P2d 488

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

## FORT, J.

Defendant was convicted by the court, after jury waiver, of illegal possession of narcotics. ORS 167.207. He appeals, assigning as error the receipt of testimony of Officer Sharp and also the denial of his motion made during trial to renew his previously heard and denied motion to suppress the evidence seized at the time of his arrest. If we correctly understand defendant's contentions both here and before the trial court, the basis of the appeal is defendant's contention that the state failed to comply with discovery rights authorized by ORS 135.805 to 135.873.

Specifically, defendant contends that the state failed to disclose the existence of one or more reports filed by Officer Fox until the day before trial. Before the pretrial hearing on defendant's motion to suppress, which was held four days prior to the trial on the merits, counsel had asked the district attorney's office for "copies of everything" in the file, but had not received these particular reports. Officer Fox and also Officer Sharp had testified at the pretrial hearing.

During Officer Sharp's testimony at trial defendant objected to his description of items seized during a search of defendant's vehicle. Defendant contended that his receiving the reports of Officer Fox only one day before trial may have prevented him from preparing adequately to meet the state's contention that there was probable cause for that search. Defendant also moved to renew his motion to suppress on this ground. After extensive colloquy, the objection to Officer Sharp's testimony was denied. Later in the trial the motion to renew the motion to suppress was denied as well. Both denials are assigned as error.

This appeal does not raise as an issue the original denial of the motion to suppress. Defendant in his brief concedes:

> "It is clear from the record that the state initially complied with the requirements of both ORS 135.815 and 135.825. * * *"

He contends, however, that the state violated ORS 135.845(2), which provides:

"If, after complying with the provisions of ORS 135.805 to 135.873, a party finds, either before or during trial, additional material or information which is subject to or covered by these provisions, he must promptly notify the other party of the additional material or information."

We will consider first the denial of the motion to reopen the hearing on the previously denied motion to suppress. ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

Under this statute, the determination of what if any authorized sanctions for breach of the discovery rules should be imposed is entrusted to the trial court. Here defense counsel concedes that the reports of Officer Fox had been "revealed" to him the day before trial. He had been called over to the office of the district attorney to look at other evidence and had examined the entire file. Neither the motion to reconsider the decision on the motion to suppress nor any motion for a continuance was made before trial. It was only after the trial was underway and in the middle of Officer Sharp's testimony that defendant made the motion here in question.

In *State v. Wolfe,* 273 Or 518, 542 P2d 482 (1975), the Supreme Court considered at length ORS 135.835 and said:

"By the terms of ORS 135.865, broad discretion is conferred upon the trial court in the choice of sanctions to be imposed in the event of a failure to disclose the names of witnesses in a criminal case, contrary to the provisions of ORS 135.835 and 135.845. * * *" 273 Or at 524.

*See also: State v. Curtis,* 20 Or App 35, 530 P2d 520, Sup Ct *review denied* (1975); *State v. Hand,* 19 Or App 514, 528 P2d 126 (1974), Sup Ct *review denied* (1975). We conclude that the trial court did not abuse its discretion in denying defendant's motion, made during the trial, to reopen the suppression issue.

■ While Officer Sharp was on the stand defendant objected to his testimony concerning items seized from defendant's vehicle and his person at the time of his arrest. The objection was solely on the ground that the police reports of Officer Fox had not been made available to defendant as required by the discovery statutes. Counsel stated that if he had had the reports, "I would have been able to possibly come up with a witness to refute some of the bases of probable cause for the search." Counsel had been unable to find the "possible" witness and could give no assurance that the witness would become available or that her testimony would refute any evidence offered by the state or otherwise exculpate the defendant. He made no motion for a continuance for that purpose. Defendant does not contend that he was denied access to any report prepared by Officer Sharp. The issue is similar to that on the motion to suppress question. There was no error in the receipt of Officer Sharp's testimony.

Later when the state put Officer Fox on the stand, defendant objected to allowing him to testify because his report or memorandum had not been made timely available. After considerable colloquy, the state withdrew Officer Fox as a witness, although it did not concede that it had failed to make the reports available to defense counsel in advance of trial. Since he did not testify, no question is presented for decision concerning the application of the discovery rules to the testimony of Officer Fox.

Affirmed.