Argued July 23, affirmed September 7, reconsideration denied October 20,
petition for review denied November 16, 1976

STATE OF OREGON, *Appellant,*
*v.*
CHESTER LEON JOHNSON, *Respondent.*
(No. C 75-10-3335 Cr, CA 5863) and
(No. C 75-10-3356 Cr, CA 5864)
(Cases consolidated)

554 P2d 624

[ 651 ]

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Phillip M. Margolin,* Portland, argued the cause for respondent. With him on the brief were Nash & Margolin, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

The state appeals from a pretrial order of the circuit court which prohibited the prosecution's undercover witness from testifying because his original written report describing the alleged purchase of heroin from the defendant had been destroyed by the police.

Defendant was charged with criminal activity in drugs for allegedly selling heroin to an undercover police agent, Arthur Brewster. ORS 167.207. There is evidence, which, if believed, would establish that defendant sold heroin to Brewster on September 10, 1975 and October 1, 1975. Within 15 minutes of each sale, Brewster wrote an account of the sale on a form developed for this purpose. These two purchases were part of a series of approximately 38 'buys' in which Brewster purchased heroin from various individuals from August through October of 1975.

After each sale a police officer paraphrased Brewster's original handwritten report and prepared a typewritten report of the transaction containing all the information supplied by Brewster plus some additional information. About one week after each sale and without seeing his original reports, Brewster reviewed the typewritten versions and approved them. In neither instance involved here did Brewster ever see his original report after he prepared it. The original reports were destroyed after Brewster had reviewed and approved the typewritten versions, but before the filing of the indictments charging defendant with the crimes at issue here. The uncontroverted testimony is that the originals were destroyed to save space.

The trial court held that the destruction of the original reports violated defendant's due process rights under *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), and also violated the statutory duty of disclosure set forth in ORS 135.815 et seq. Because we agree with the trial court's conclusion that the destruction of the original reports violated the state's statutory

[ 653 ]

duty, and affirm its choice of an appropriate sanction, we find it unnecessary to reach any constitutional questions.

ORS 135.815 provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:

"(1) The names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.

"* * * * *."

ORS 135.845(1) provides:

"The obligations to disclose shall be performed as soon as practicable following the filing of an indictment or information * * *."

It is obvious that each original report of Brewster was a "relevant written or recorded * * * [statement] or * * * [memorandum]" of a witness, ORS 135.815.

The state argues that the disclosure requirements of ORS 135.815 do not apply since the report was never within the "possession or control" of the prosecutor and that in any case the duty to disclose does not arise until the filing of the indictment, by which time the reports here had been destroyed.

Considering first the time aspect of the state's argument, we point out that ORS 135.845 states that the "obligations to disclose *shall be performed* " after the issuance of the indictment. (Emphasis supplied.) It does not speak to when the obligation itself arises. To hold that the obligation does not arise until the filing of the indictment would allow a prosecutor to totally avoid the mandate of the discovery statute by destroying all discoverable evidence before filing an indictment or an information. We decline to adopt such a narrow interpretation of ORS 135.815 and 135.845. *See, State v. Hockings,* 23 Or App 274, 285, 542 P2d 133 (1975), Sup

Ct *review denied* (1976), citing *United States v. Bryant,* 439 F2d 642 (DC Cir 1971).

■   On the question of whether ORS 135.815 requires the production of statements in the possession of, or destroyed by, the police, the defendant argues that the police are a part of the prosecution and that the disclosure requirements of ORS 135.815 should therefore apply. In support of this proposition defendant cites *Barbee v. Warden, Maryland Penitentiary,* 331 F2d 842, 846 (4th Cir 1964), where the Fourth Circuit Court, in considering the defendant's rights to disclosure under the Due Process Clause of the United States Constitution, held:

> "Nor is the effect of the nondisclosure neutralized because the prosecuting attorney was not shown to have had knowledge of the exculpatory evidence. Failure of the police to reveal such material evidence in their possession is equally harmful to a defendant whether the information is purposely, or negligently, withheld. And it makes no difference if the withholding is by officials other than the prosecutor. *The police are also part of the prosecution, and the taint on the trial is no less if they, rather than the State's Attorney, were guilty of the nondisclosure.* If the police allow the State's Attorney to produce evidence pointing to guilt without informing him of other evidence in their possession which contradicts this inference, state officers are practicing deception not only on the State's Attorney but on the court and the defendant. 'The cruelest lies are often told in silence.' If the police silence as to the existence of the reports resulted from negligence rather than guile, the deception is no less damaging.
>
> "*The duty to disclose is that of the state, which ordinarily acts through the prosecuting attorney; but if he too is the victim of police suppression of the material information, the state's failure is not on that account excused.* * * *" (Emphasis supplied.)

*Accord: Seattle v. Fettig,* 10 Wash App 773, 519 P2d 1002 (1974).

A similar rule is called for in this statutory context. We hold that statements or memoranda of witnesses are subject to the disclosure requirements of ORS

135.815 regardless of whether they ever actually came within the possession of the prosecutor himself. We so hold because we are of the opinion, as was the court in *Barbee*, that the police are properly considered a part of the prosecution for the purposes of this requirement.

The state argues that even if the destruction violates ORS 135.815, the sanction imposed by the trial judge's prohibiting Brewster to testify was too severe. ORS 135.865 provides:

> "Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

In *State v. Wolfe,* 21 Or App 717, 536 P2d 555 (1975), this court held that the choice of sanctions to be applied following a violation of ORS 135.835[1] is a matter of discretion left to the trial judge. Our Supreme Court agreed and stated in affirming the decision of this court:

> "By the terms of ORS 135.865, broad discretion is conferred upon the trial court in the choice of sanctions to be imposed in the event of a failure to disclose the names of witnesses in a criminal case * * *." *State v. Wolfe,* 273 Or 518, 524, 542 P2d 482, 485 (1975).

We find no abuse of discretion here.

Affirmed.

**SCHWAB, C. J.,** concurring.

I concur in the reasoning and the result of the majority opinion. However, were it not for the holding of this court and the Supreme Court in *State v. Wolfe,* 75 Adv Sh 2237, 21 Or App 717, 536 P2d 555, *aff'd* 75 Adv Sh 3787, 273 Or 518, 542 P2d 482 (1975), substantial

[1] ORS 135.835 imposes a duty of disclosure upon the defendant nearly identical to that imposed upon the prosecution by ORS 135.815.

arguments would support a ruling that violation of the discovery statutes should not result in the Draconian remedy of suppression absent some showing of prejudice. But under *Wolfe* we cannot so hold.

In *Wolfe* the defendant failed to give timely notice to the prosecution of the name of a witness he intended to call to rebut state's evidence. As the Supreme Court opinion points out, defendant contended that "* * * to impose the extreme sanction of 'refus(ing) to permit the witness to testify' was improper * * * because the state made no showing that it would be prejudiced by permitting defendant to call * * * [the] witness * * *." 75 Adv Sh at 3790. The defendant further contended:

"'* * * Refusal to allow a witness to testify is the ultimate penalty for failure to comply with the discovery provisions and should be invoked only when a continuance or right of inspection would be prejudicial to the other party. Defendant was denied the right to present an effective defense, and the court abused its discretion by sustaining the state's objections upon no rational basis.'" 75 Adv Sh at 3790-91.

The Supreme Court, in affirming this court, which had in turn affirmed the ruling of the trial court that the defendant's witness could not testify, held:

"The presence or absence of prejudice is a most important factor to be considered by the trial court in exercising the discretion conferred upon it by ORS 135.865 in the choice of sanctions, particularly in imposing the extreme sanction of refusing to receive in evidence the material not disclosed. The terms of the statute, however, do not appear to make the presence or absence of prejudice a necessary factor in the exercise of the discretion conferred by the statute in the choice of any of the sanctions to be imposed by its terms." 75 Adv Sh at 3792.

The *Wolfe* doctrine must cut both ways. If suppression was not an abuse of discretion in *Wolfe* where a continuance, a remedy envisaged by statute, ORS 135.865, could have solved the problem, suppression cannot be an abuse of discretion in a case such as the

[ 657 ]

one at bar. A witness can be interviewed during a continuance. A destroyed document cannot be recreated.

As a separate matter I would also note that what we are here dealing with are not fragmentary notes which became the basis of a written statement, nor stenographer's notes, nor notes which have been transcribed, or things of that ilk, but, rather, a report of a crime adequate in itself to form the basis for initiating prosecution.