# STATE OF OREGON,
## *Respondent,*

### *v.*

# RONALD DEAN CLARK,
## *Appellant.*

# (CR7-1882; CA A103376)

14 P3d 626

Mark G. Reinecke argued the cause for appellant. With him on the briefs was Bryant, Lovlien & Jarvis, P. C.

Dan Casey argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Christina M. Hutchins, Assistant Attorney General.

Edmonds, Presiding Judge, and Armstrong and Brewer, Judges.

EDMONDS, P. J.

Armstrong, J., dissenting.

## EDMONDS, P. J.

Defendant appeals his conviction for Driving Under the Influence of Intoxicants (DUII), ORS 813.010(1)(b), assigning error to the trial court's rulings on several discovery and evidentiary issues. We affirm.

Defendant's first, second, and third assignments of error involve the arresting officer's destruction of a videotape of the arrest and the officer's testimony relating to that videotape. Before trial, defendant asked the prosecutor for all discovery available under ORS 135.805 through ORS 135.873. He did not receive a copy of a videotape, or anything that referred to a videotape, in response to that request. At trial, defendant asked the arresting officer if he had recorded his contact with defendant at the scene. The officer responded that he had done so on a videotape but that he "reprocessed"[1] it because defendant did not take any of the tests. At that point, defendant moved to dismiss the case on the ground of a discovery violation. The trial court denied the motion. Thereafter, defendant questioned both the officer and a person who was riding with the officer about the events before his arrest. He then renewed his motion, and the court again denied it. Defendant did not move for a mistrial or to strike the officer's testimony.

In his first assignment of error, defendant attacks the trial court's denial of his motion to dismiss on the grounds that the destruction of the videotape was both a statutory and a constitutional violation. We first consider the statutory issue. The relevant statute is ORS 135.815(1)(d), which requires the state to provide the defendant with "[a]ny books, papers, documents, photographs or tangible objects" that the prosecutor intends to use at trial. Because the state did not intend to use the "reprocessed" videotape at trial, it had no obligation to provide it to defendant, and, thus, did not violate that statute. This case is unlike *State v. Johnson*, 26 Or App 651, 554 P2d 624, *rev den* 276 Or 555 (1976), on which defendant relies. In that case, we held that the state violated what is now ORS 135.815(1)(a) when the police destroyed a

---

[1] "Reprocessed" appears to be the officer's way of stating that he had taped over the recording of his encounter with defendant.

witness' original handwritten statements after preparing typewritten reports of the same occurrences. ORS 135.815(1)(a) requires the state to disclose *all* written statements of any person whom the state intends to call as a witness at the trial. In *Johnson*, we held that that statute applies to statements made to the police before the defendant's indictment and that the destruction of the original statements violated the statute. In this case, however, the state's obligation under ORS 135.815(1)(d) is to disclose only the videotapes that the prosecutor actually intends to use at trial. Because the videotape did not exist when defendant requested discovery, the state did not violate the statute by failing to disclose it.

The dissent would hold that the state violated ORS 135.815(1)(a) and ORS 135.815(1)(b) when the police officer re-used the tape instead of preserving it. It contends that our analysis under only ORS 135.815(d) is misplaced. The dissent makes arguments for defendant that he does not make on appeal. The officer testified that he turned off the video camera after defendant refused to take field sobriety tests. Defendant argues only that, had the tape been preserved, it would have demonstrated his demeanor, *i.e.,* that he was not intoxicated. According to defendant, the tape would have permitted the jury to observe him as he was at the scene of the arrest and would have been exculpatory in nature. ORS 135.815(1)(a) requires, among other things, that the state produce the "recorded" oral statements of any witnesses it intends to call. ORS 135.815(1)(b) provides for the discovery of any "oral statements made by the defendant." However, defendant does not refer to ORS 135.815 at all except in his reply brief when he cites it for the proposition that police are considered part of the prosecution for purposes of the statute. Moreover, defendant does not argue that there were oral statements of the police officer recorded on the tape that he wished to offer that might implicate ORS 135.815(1)(a), nor does he argue that there were oral statements of his on the tape that he wished to offer that would implicate ORS 135.815(1)(a). In light of defendant's arguments, the only potential statutory support for his argument is ORS 135.815(1)(d), and that statute requires the state to provide

discovery only when the district attorney intends to offer the object into evidence.

Defendant also argues that the destruction of the videotape violated his rights under the Due Process Clause of the Fourteenth Amendment. In order to show that a loss of evidence was a due process violation, defendant must show either that the state acted in bad faith in failing to preserve it or that the evidence would have been favorable to him. *See State v. Zinsli*, 156 Or App 245, 252, 966 P2d 1200, *rev den* 328 Or 194 (1998). In this case, the officer testified that he taped over the videotape because it did not show the performance of any field sobriety tests. The trial court found that the officer was a credible witness and expressly believed his testimony on that point. The court's finding, supported by the evidence, precludes a ruling that the officer acted in bad faith in failing to preserve the tape.

Defendant argues that inconsistencies between the testimony of the person who was riding with the officer at the time of defendant's arrest and the testimony of the officer are sufficient to show that the videotape would have supported defendant's case by contradicting the officer's testimony concerning defendant's actions and the nature of his speech. We have reviewed the record and generally agree with the trial court's contrary assessment of the witness's trial testimony.

> "I think [the witness' testimony] doesn't help much, if any. As he said, I just saw a little bit and then says that, he indicated by motions that what he saw was the defendant using his hands for balance and then jerking his head back before using his hands for balance again. And then he said I heard him talking a little bit, I couldn't hear what was said, I could hear a couple of words just mumbling."

The trial court's assessment is particularly significant because of the trial court's ability to observe the witness's gestures that the record does not describe. On this record, we are not prepared to say that defendant has carried his burden of showing that the videotape would be favorable and that a due process violation occurred.

Defendant's second and third assignments of error attack the court's failure to declare a mistrial because of the

officer's reference to defendant's failure to take the field sobriety tests, and its failure to strike the officer's statement relating to the tests from evidence. Defendant did not move for a mistrial or to strike the testimony below, and any error is not apparent on the face of the record. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). Because the assignments are not preserved, we decline to review them. ORAP 5.45(2).

The fourth and fifth assignments of error involve the arresting officer's testimony regarding an Alcohol Influence Report concerning defendant. During his cross-examination of the officer, defendant asked whether he had prepared such a report. The officer responded that he had started the report but then defendant would not answer any of the questions. Defendant assigns error to the trial court's refusal either to grant a mistrial or to strike the officer's testimony on the ground that the officer made an improper reference to defendant's exercise of his right to remain silent. Defendant did not request a curative instruction.

A motion for mistrial is addressed to the sound discretion of the trial judge, because that judge is in the best position to assess and rectify any potential prejudice to the defendant. *State v. Pratt*, 316 Or 561, 574, 853 P2d 827 (1993). In this case, the officer's statement explained why he did not complete the report, and, thus, was at least partially responsive to defendant's question. The trial court was in the best position to determine how that one statement fit into the case as a whole. We cannot say that it abused its discretion in denying a mistrial. We need not decide whether the court erred in denying the motion to strike. In light of the evidence in the case as a whole, including defendant's erratic driving, poor balance, strong odor of alcohol, and refusal to take a breath test, any error in failing to strike that one passing comment was harmless beyond a reasonable doubt.

Defendant's final assignment of error relates to evidence that the arresting officer told defendant that a suspension for failing to take a breath test would be three times longer if he refused the test than if he took it. Defendant points out that only a person with a previous DUII conviction will receive a triple suspension for a refusal. Even assuming

that jurors would know that fact, defendant's general objection did not raise that issue to the trial court, and, thus, he did not preserve the alleged error for our review. ORAP 5.45(2).

Affirmed.

**ARMSTRONG, J.,** dissenting.

I dissent from the majority's conclusion that the state did not violate ORS 135.815 by failing to produce a videotape that the arresting officer had made of his encounter with defendant. The majority considers ORS 135.815(1)(d) to be the only subsection of the statute that applies to the videotape.[1] It is mistaken. Subsections (1)(a) and (1)(b) apply as well and were violated by the failure to produce the videotape. Consequently, we should vacate the judgment and remand the case to the trial court to determine the appropriate remedy for the violation.

We previously have held that police conduct falls within the purview of ORS 135.815(1)[2] and that a recording of a DUII defendant's interaction with an arresting officer contains statements that are subject to discovery under ORS 135.815(1)(a).[3] Here, there is no dispute that the state intended to call the arresting officer as a witness, and it is evident that the videotape would have included statements of both the officer and defendant. Therefore, the state violated both subsections (1)(a) and (1)(b) by failing to produce the videotape.[4]

---

[1] ORS 135.815(1) provides, in relevant part:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to a represented defendant the following material and information within the possession or control of the district attorney:

"(a) The names and addresses of persons whom the district attorney intends to call as witnesses at any stage of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.

"(b) Any written or recorded statements or memoranda of any oral statements made by the defendant, or made by a codefendant if the trial is to be a joint one.

"* * * * *

"(d) Any books, papers, documents, photographs or tangible objects[.]"

[2] *State v. Johnson*, 26 Or App 651, 655-56, 554 P2d 624, *rev den* 276 Or 555 (1976).

[3] *State v. Peters*, 39 Or App 109, 111-12, 591 P2d 761 (1979).

[4] See footnote 1 above for the text of subsections (1)(a) and (1)(b).

The majority rejects that conclusion on the ground that defendant's brief focuses on the nonverbal content of the videotape, so the majority interprets his argument to be one that does not rely on subsections (1)(a) and (1)(b), which both concern statements. In other words, the majority interprets defendant's argument to be one that relies on a subsection of ORS 135.815 that clearly does not apply rather than on subsections that do apply, and it does so even though defendant cited a case in his reply brief, *State v. Johnson*, 26 Or App 651, 654, 554 P2d 624, *rev den* 276 Or 555 (1976), that treated a failure to produce an audiotape of an arrest of a DUII defendant as a violation of ORS 135.815(1)(a). I would not interpret defendant's argument so narrowly.[5]

The thrust of the argument on which the majority focuses is directed to the remedy that defendant believes should attach to the state's destruction of the videotape. Defendant argues that the evidence in the record establishes that the videotape contained exculpatory evidence, so its destruction by the state requires that the case be dismissed as a remedy for the destruction. I agree with the majority that the record fails to establish that the videotape necessarily contained exculpatory information. Hence, the destruction of it does not require dismissal. However, it does not follow that defendant's conviction should be affirmed.

The trial court concluded that the state had not committed a discovery violation, so it denied the motions by defendant that were based on such a violation. Because the state, in fact, violated ORS 135.815(1)(a) and (1)(b), I believe that we are required to vacate the judgment and remand the case to the trial court to determine the appropriate remedy for the violation. If the court determines that the relief that it would grant for the violation would not have affected the trial, it should reinstate the judgment. If it concludes that the relief could have affected the trial, it should order a new trial. I therefore dissent from the majority's contrary decision.[6]

---

[5] The majority's approach to the issue embodies a logical fallacy. It reasons as follows: Because defendant focuses on the nonverbal content of the videotape for purposes of his argument about the remedy that should attach to the destruction of it, he necessarily invokes the subsections of ORS 135.815(1) that involve nonverbal materials. The conclusion does not follow from the premise.

[6] I agree with the majority's disposition of defendant's other assignments of error.