Argued September 20, reargued December 22, 1976, reversed and remanded for further proceedings February 28, 1977

STATE OF OREGON, *Respondent,*

*v.*

RODERICK RAYMOND ADDICKS, *Appellant.*

(No. C 75-03-0829 Cr, CA 5826)

560 P2d 1095

Paul J. De Muniz, Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his jury verdict convictions of arson in the first degree (ORS 164.325) and theft in the first degree (ORS 164.055). The convictions resulted from a scheme whereby, during the summer of 1973, defendant purchased and thereafter burned a house in order to collect fire insurance benefits. Defendant contends error in that the court (1) refused to suppress testimony of defendant's accomplice; (2) permitted testimony tending to identify defendant with the purchase of fire insurance; (3) abused its discretion in admitting both a statement made by him prior to his arrest and certain photographs offered by the state, neither of which had been "disclosed" as required by ORS 135.815; (4) admitted evidence allegedly tending to prove that defendant was the kind of person who might commit the crimes charged; (5) abused its discretion in not granting defendant a continuance to prepare rebuttal to his presentence report; and (6) imposed an *additional* 10-year sentence ostensibly pursuant to the "dangerous offender" provisions of ORS 161.725.

■   A principal witness on behalf of the state, Mr. Cross, was an admitted accomplice of defendant in the arson/theft scheme. Prior to the arrest of defendant, Cross had retained an attorney in the state of Washington for the purpose of communicating with Oregon authorities regarding a grant of immunity in exchange for his testimony concerning defendant's guilt. As a result of that attorney's efforts Cross was eventually granted the immunity he had requested; he was also provided by the state with funds sufficient to meet both the costs he had incurred in retaining the Washington attorney and the cost of a bodyguard he had retained for protection until defendant's arrest. Defendant contends that, because of the payment by the state, Cross' testimony should have been suppressed, urging that the use of testimony so acquired denied him the "due process" guaranteed by the Fifth

[ 665 ]

and Fourteenth Amendments to the United States Constitution. The payment was disclosed to the jurors who, as the "exclusive judges" of Cross' credibility, were permitted to take it into account in weighing his testimony. ORS 44.370.[1] *United Farm Agency v. Crawford,* 248 Or 484, 435 P2d 1016 (1967); *State v. Fleming,* 232 Or 412, 375 P2d 831 (1962). Defendant's motion to suppress the testimony was properly denied.

■■  Another witness for the state, Mr. Mitchell, was a fire insurance agent who could not make in-court identification of defendant but testified that he did "recall having done some business with a man named Rod Addicks." Denial of defendant's motion to strike the agent's testimony is assigned as error. The identity of a person may be presumed from identity of name. ORS 41.360(25).[2] The inability of the witness to physically identify the defendant goes to the weight of his testimony, not its competency. The jurors are the judges of the "effect or value of the evidence addressed to them * * *." ORS 17.250(1).[3] There was no error.

■  A further witness for the state was Mr. Austin, an

---

[1] ORS 44.370 provides:

"A witness is presumed to speak the truth. This presumption, however, may be overcome by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character or motives, or by contradictory evidence. Where the trial is by the jury, they are the exclusive judges of his credibility."

[2] ORS 41.360(25) provides:

"All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:

"* * * * *

"(25) Identity of person from identity of name."

[3] ORS 17.250(1) provides:

"The jury, subject to the control of the court, in the cases specified by statute, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. They are, however, to be instructed by the court on all proper occasions:

"(1) That their power of judging of the effect of evidence is not arbitrary, but to be exercised with legal discretion, and in subordination to the rules of evidence."

insurance investigator who, prior to defendant's arrest, interviewed him concerning his whereabouts on the night of the fire. During the prosecutor's direct examination of Austin the following colloquy occurred:

"Q   Did you have any conversation with Mr. Addicks with respect to the fire?

"A   Yes, I did. I had one conversation with Mr. Addicks.

"Q   Do you recall the content of that discussion?

"A   Yes, at that time he stated—

"MR. ADDICKS: Your Honor, I object. I asked specifically of Mr. Rieke [the deputy district attorney] if any statements made by me would be used in this trial and he said no."

Thereafter Austin testified, over said objection, that defendant had told him that defendant was in company with Cross, the ostensible owner of the burned house, in Ilwaco, Washington, on the night of the fire.

The defendant's objection to the statement was on the basis of the violation of a pretrial commitment by the prosecutor; that is, that he would not use any statements made by the defendant. Assuming *arguendo* that the prosecutor did so agree and that his agreement was intended to apply to the oral statement made by the defendant to the insurance adjuster, no conceivable prejudice resulted. The statement was exculpatory and completely in accord with defendant's position at trial. Although defendant did not take the stand, it is evident from the nature of his cross-examination of state's witnesses that one of his major defenses was that he was in Ilwaco, Washington, on the night of the fire. Defendant's statement which is at issue here was that he was in Ilwaco, Washington, on the night of the fire.

■ A real estate broker, Mr. Dinneen, called by the state testified that defendant had participated in the purchase of two other properties which the state sought to prove were in a rundown condition and

therefore suitable for defendant's scheme of arson. Defendant objected to the admission of the photographs because they had not been disclosed prior to trial. The court admitted the photographs over defendant's objection without inquiring concerning whether or not the photographs had, in fact, been disclosed to defendant.

ORS 135.815 provides in relevant part that:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney *shall disclose* to the defendant the following material and information within his possession or control:

"* * * * *

"(4) Any books, papers, documents, *photographs* or tangible objects:

"(a) Which the district attorney intends to offer in evidence at the trial * * *

"* * * * *." (Emphasis supplied.)

ORS 135.865 sets forth the options open to the trial court upon a party's failure to comply with discovery requirements and provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court *may* order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or *enter such other order as it considers appropriate.*" (Emphasis supplied.)

In *State v. Wolfe,* 273 Or 518, 542 P2d 482 (1975), our Supreme Court noted the broad discretion that is conferred upon the trial court by ORS 135.865 in the choice of sanctions imposed in the event of a failure to disclose the names of witnesses in a criminal case contrary to the pretrial discovery statutes and said:

"The presence or absence of prejudice is a most important factor to be considered by the trial court in exercising the *discretion* conferred upon it by ORS 135.865 in the choice of sanctions, particularly in imposing the extreme sanction of refusing to receive in evidence the material not disclosed. The terms of the statute, however, do not appear to make the presence or

[ 668 ]

absence of prejudice a necessary factor in the exercise of the *discretion* conferred by the statute in the choice of any of the sanctions to be imposed by its terms." (Emphasis supplied.) 273 Or at 524-25.

*See also State v. Johnson,* 26 Or App 651, 554 P2d 624, Sup Ct *review denied* (1976).

In *State v. Castro,* 25 Or App 873, 551 P2d 488, Sup Ct *review denied* (1976), we considered the application of ORS 135.865 and said:

"Under this statute, the determination of what *if any* authorized sanctions for breach of the discovery rules should be imposed is entrusted to the trial court * * *."[4] (Emphasis supplied.) 25 Or App at 876.

■ The exercise of discretion, no matter how broad, is the exercise of judgment. Judgment cannot be exercised in a factual vacuum. Here, the defendant objected to the introduction of the photographs on the ground that he had not been given pretrial discovery. The judge's immediate response, without inquiry or comment, was "[objection] denied." This appears to us to constitute an exercise of will rather than an exercise of judgment and accordingly constituted an abuse of discretion. An initial determination as to whether defendant was in fact given discovery of the pictures and the prejudice he might have suffered as a result should have been made. The whole thrust of the state's case was that the fire was set by the defendant as a part of a continuing scheme of buying, in his own name and in the names of others, dilapidated houses which he would insure for inflated values and then burn. The photographs showed dilapidated houses which he had purchased and they were referred to by the prosecution in its closing argument as evidence of the scheme.

On remand the court should attempt to ascertain whether the discovery statute was, in fact, complied with; if it was, the court should then make an appropriate finding and enter a new judgment of

[4] We need not here decide the complete scope of the court's discretion.

conviction based on said finding and the verdict heretofore returned by the jury, giving credit for time served on the vacated sentence. If the court finds that defendant was not given discovery, then the court should determine what remedy, if any, would be appropriate to grant in the exercise of its discretion, entering a new judgment or granting a new trial depending upon the nature of the remedy granted, if any. *See State v. Brewton,* 238 Or 590, 395 P2d 874 (1964).

■ Defendant contends that the trial court erred in failing to exclude the testimony of Lavone Herman who testified that she was present with defendant and Mr. Cross during the "[t]ax season of '73" when defendant told Cross that "he knew how to get some money out of insurance companies if a house happened to catch on fire." Defendant failed to specifically object to this testimony at the time it was received and therefore the issue is not before us. *State v. Webber,* 14 Or App 352, 513 P2d 496 (1974).

■ Defendant maintains that the court abused its discretion in denying his request for a continuance to prepare a rebuttal to the presentence report which he received only one-and-one-half hours before the sentencing hearing. ORS 137.079(1) provides:

> "A copy of the presentence report shall be made available to the district attorney, the defendant or his counsel a reasonable time before the sentencing of the defendant."

The Supreme Court concluded in *Buchea v. Sullivan,* 262 Or 222, 240-41, 497 P2d 1169 (1972), that a defendant does not have the right to offer testimony controverting information in a pretrial sentence report. The court reasoned that

> "* * * adequate protection will be furnished to the defendant if he is allowed to point out to the trial court those factual matters in the part of the presentence report required to be disclosed to him which he considers to be untrue or misleading, leaving it to the trial judge to ascertain the truth or falsity by which means as he

deems proper or, if he chooses, to remove the challenged matter from his consideration."

In the instant case, the defendant had sufficient time to fully examine the report. He objected generally but failed to point out error in any specific part of the report. There was no abuse of discretion in denying defendant's request for a continuance.

The state concedes that the portion of the judgment order which ostensibly imposed an *additional* 10-year sentence pursuant to the "dangerous offender" provisions of ORS 161.725 is erroneous because that statute does not authorize the imposition of a separate sentence and that additional sentence is, therefore, invalid. *See State v. Gunberg,* 26 Or App 357, 552 P2d 268 (1976).

Reversed and remanded for further proceedings.