*[1123]
 
 THORNTON, J.
 

 Defendant appeals from his conviction after a jury trial of theft in the first degree. ORS 164.055. He assigns as error the trial court’s failure to exclude certain testimony and evidence because (1) the state failed to provide defendant with the addresses of two witnesses; (2) the state failed to disclose interview notes made by the police; and (3) the state failed to disclose certain photographs of the stolen item.
 

 Defendant was charged with the theft of a tractor. Prior to trial defendant sought discovery of the names, addresses and criminal records of witnesses the state proposed to call at trial. The state promptly provided the list but did not include addresses.
 

 ORS 135.815(1) requires that
 

 "* * * the district attorney shall disclose to the defendant the following material and information within his possession or control:
 

 "(1) The names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.”
 

 There is no question that the failure to provide addresses was a violation of the discovery statute, but the issue we are faced with is whether the trial court abused its discretion by imposing no sanction whatsoever for the violation. The defendant sought to have the testimony of witnesses Chapman and Coldiron excluded because their addresses were not provided. The evidence adduced at the pretrial hearing on defendant’s motion disclosed that defendant became aware of Chapman’s whereabouts one week before trial, and was advised of Coldiron’s location on the day of trial. From the time defendant received the state’s list of witnesses to the time of trial, a period of about two months, defendant made no request for the addresses. Further, defendant made no showing of prejudice, nor did defendant ask the court for a
 
 *[1124]
 
 continuance so that the witnesses could be interviewed.
 

 Absent a showing of prejudice in preparation for trial no sanction is warranted.
 
 State v. King,
 
 30 Or App 223, 230, 566 P2d 1204 (1977). Even if we assume that defense counsel’s general statement that his case was prejudiced with respect to witness Chapman is sufficient showing, we do not think the trial court abused its discretion by refusing to exclude Chapman’s testimony. The defendant knew of Chapman’s whereabouts one week before trial, which gave defendant some time to interview Chapman, and if defense counsel felt that he needed more time he could have requested a continuance which is a favored and less extreme remedy.
 
 State v. King, supra
 
 at 228.
 

 Defendant also contends that Chapman’s testimony should have been excluded because police interview notes containing statements by Chapman were not provided to the defense until the trial had commenced despite a prior defense request for disclosure of written police reports. The handwritten interview notes were incorporated fully into a police report provided to the defendant, and the notes were provided to the defendant at trial. The court offered defense counsel a short recess to review the notes, but defense counsel declined. We have held that such fragmentary notes are not required to be disclosed.
 
 State v. Jackson,
 
 31 Or App 645, 651, 571 P2d 523 (1977).
 

 Defendant’s third assignment of error is that the trial court should have made a factual inquiry before overruling defendant’s objection to photographs depicting the allegedly stolen tractor.
 
 [1]
 
 The photos were used during the testimony of the tractor owner to establish that the tractor recovered by the police was in fact the one that had been stolen. We conclude that
 
 *[1125]
 
 the court failed to make an adequate factual inquiry to determine if the photos were disclosed to the defendant as required by ORS 135.815(4)(a),
 
 [2]
 

 State v. Addicks,
 
 28 Or App 663, 560 P2d 1095 (1977). On remand the court should follow the procedures set forth in
 
 State v. Addicks, supra,
 
 to determine whether the discovery statute was complied with and, if not, take such steps as may be appropriate after such a determination.
 
 State v. Addicks, supra
 
 at 669-70.
 

 Accordingly this cause must be remanded for further proceedings not inconsistent with this opinion.
 

 Reversed and remanded with instructions.
 

 [1]
 

 "MR. LENTZ: I have no objection to 1,1 object to 2, 3,4, 5,7,9 and 8 on the ground they were not disclosed to the defendant prior to trial.
 

 "THE COURT: The objection will be overruled, and Exhibits 1, 2, 3, 4, 5, 7, 8 and 9 are each admitted, into evidence.”
 

 [2]
 

 ORS 135.815 provides in part:
 

 <t* * * ['j'jhe district attorney shall disclose to the defendant the following material and information within his possession or control:
 

 «* * * *
 

 "(4) Any books, papers, documents, photographs or tangible objects:
 

 "(a) Which the district attorney intends to offer in evidence at the trial * * *.”