Submitted on record and appellant's brief November 23, 1979,
reversed and remanded January 14, 1980

STATE OF OREGON,
*Appellant,*

*v.*

MELVIN MEAD,
*Respondent.*

(No. 79-526-C, CA 15051)

604 P2d 1283

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Douglas F. Foley, Certified Law Student, Salem, filed the brief for appellant.

No appearance for respondent.

[53]

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

The state has appealed under ORS 138.060(1) from the trial court's order dismissing a complaint against the defendant. The complaint accused the defendant of the offense of Setting up a Mobile Home without a Permit. ORS 446.270, 456.885; O.A.R. 814-23-055. The trial court allowed the defendant's pretrial motion to dismiss the complaint for the state's alleged failure to allow the defendant discovery as provided by ORS 135.815. We reverse and remand.

During this entire proceeding the defendant has appeared *pro se.* On February 22, 1979, he filed the following motion:

> "The defense demands copies of all evidence and a list of all witnesses, and what their testimony will be. That will be used by the prosecutor."

The case came on for trial on June 25, 1979. The deputy district attorney who had been assigned the case was on vacation. Another deputy appeared for the state. The defendant moved to dismiss the complaint on the grounds that he had filed the above motion and the district attorney had refused to disclose the information. In support of his motion, defendant stated that he had called the district attorney's office on two or three different occasions and had been told that he would receive the information shortly. The deputy district attorney acknowledged that the office file contained a copy of the defendant's motion, but that he had no personal knowledge of the matter. He stated that it was the policy of the district attorney's office always to open their files to defendants. The deputy requested a set over for two weeks. Without swearing witnesses or hearing testimony, the trial judge granted the motion to dismiss.[1]

---

[1] As a part of his oral opinion the trial judge said that he suspected the failure to allow discovery was a result of inadvertence or inattention by the state.

ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

This court in *State v. King,* 30 Or App 223, 566 P2d 1204 (1977), stated at page 228:

"This legislative history indicates that the various draftsmen intended: (1) trial courts would have discretion and could use ingenuity to fashion remedies for violation of the discovery statutes, subject to appellate court supervision; (2) that the extent of prejudice caused by nondisclosure would be relevant to the formulation of a remedy; (3) generally, an order to disclose and a reasonable continuance would be the most appropriate remedy in the majority of situations; and (4) that the sanction of ruling nondisclosed evidence excluded from the trial should be used only in the most extreme situations."

At page 230, the court added:

"We hold that a party aggrieved by a violation of the criminal discovery statutes who establishes substantial prejudice to the preparation of his case for trial is entitled to some remedy for the other party's breach of statutory duty. We hold that the selection of a sanction to be imposed upon the offending party is limited by the guidelines noted above. And conversely, we hold that no sanction for violation of the discovery statutes is warranted when the violation causes no prejudice in the preparation of the case for trial."

There is nothing in the record to show that the trial judge considered whether, or to what extent, defendant was prejudiced if in fact the state violated the discovery statutes.

We remand this case to the trial court for further proceedings to determine if the state complied with the discovery statutes. If the court finds that the state did

not comply, it will then determine if the defendant was prejudiced by the violation. If it is found that defendant was, in fact, prejudiced, then it will become necessary to determine the degree of prejudice and an appropriate remedy. *State v. King, supra; State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1977).

If on remand the trial court finds that the state did not comply with the discovery statutes and that the defendant was prejudiced to some degree, then the court must necessarily consider if this case is like the majority of cases where the appropriate remedy would be an order to disclose and a reasonable continuance.

Reversed and remanded.