On respondent's reconsideration filed January 18, reconsideration allowed, former
opinion filed December 21, 1981 (55 Or App 224, 637 P2d 1305) modified, reversed
and remanded for further proceedings February 16, 1982

## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS GEORGE,
*Appellant.*

(No. 37488, CA A20757)

640 P2d 1043

Dave Frohnmayer, Attorney General, William F. Gary,
Solicitor General, and Stephen F. Peifer, Salem, for peti-
tion.

Before Gillette, Presiding Judge, and Young, Judge, and
Roberts, Judge Pro Tempore.

GILLETTE, P. J.

**GILLETTE, P. J.**

In our previous opinion in this case, which involved a trial court's summary overruling of defendant's objection, on violation of discovery rule grounds, to certain state testimony, we held that the trial court's ruling was error and not harmless. We reversed and remanded the case for a new trial. *State v. George,* 55 Or App 224, 637 P2d 1305 (1981). The state has filed a petition for review in the Supreme Court, which we treat as a petition for reconsideration by this court. RAP 10.10. We grant reconsideration and modify our former opinion.

The state argues that a decision to reverse and remand for a new trial is both premature and contrary to our own precedents. It is premature, the states urges, because the present record is insufficient to establish the exact nature and extent of the state's discovery violation. It is contrary to our precedents, the state urges, in that

"It has been the consistent policy of [this court] that, when a defendant has been convicted despite an asserted discovery violation by the state which the trial court failed to examine, the correct appellate remedy is a remand for a hearing on the claim in the trial court * * *."

We stand corrected. *See State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1977); *see also, State v. McKeen,* 33 Or App 343, 576 P2d 804 (1978); *State v. Warren,* 31 Or App 1121, 572 P2d 341 (1977).

Petition for reconsideration granted. Former opinion modified. Reversed and remanded for further proceedings consistent with the procedure established in *State v. Addicks, supra.*