On appellant's reconsideration filed August 3, 1984; former opinion, filed July 11, 1984 (69 Or App 208, 684 P2d 37) adhered to December 19, 1984, petition for review denied January 29, 1985 (298 Or 597)

## JAKE CLARENCE REYNOLDS,
*Appellant,*

*v.*

## CUPP,
*Respondent.*

(135,955; CA A31054)

692 P2d 648

Ken L. Betterton and Swaim & Betterton, Salem, for petition.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

**PER CURIAM**

Petitioner filed a petition for review in the Supreme Court, ORAP 10.05, which we treat as a petition for reconsideration. ORAP 10.10. We affirmed, without opinion, the trial court's denial of post-conviction relief. We grant the petition for reconsideration to explain the basis of our affirmance but adhere to our original decision affirming the judgment.

Petitioner was indicted on three separate counts: robbery in the first degree; intentional murder; and aggravated felony murder. He was convicted by a jury for robbery, manslaughter (as a lesser included offense of intentional murder) and aggravated felony murder. He appealed the convictions and was represented by counsel on the appeal. The convictions were affirmed on appeal and on review. *State v. Reynolds,* 43 Or App 619, 603 P2d 1223, *aff'd* 289 Or 533, 614 P2d 1158 (1980).

In affirming the denial of post-conviction relief, we concluded that petitioner had either raised or reasonably could have raised each ground urged for post-conviction relief in the direct appeal. ORS 138.550(2) provides:

"When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted * * * under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. * * *"

Reconsideration granted; former opinion clarified and adhered to as clarified.