Argued and submitted December 30, 1985, judgment of post-conviction court reversed, order of trial court on remand from post-conviction court vacated June 18, 1986

ROBERT LARRY GUINN,
*Appellant,*

*v.*

CUPP,
*Respondent.*

(134,946; CA A34802 Control)

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT LARRY GUINN,
*Appellant.*

(121,177, 121,176; CA A36416, A36417)
(Cases Consolidated)

720 P2d 1330

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner seeks post-conviction relief for two convictions of felony assault. This is a consolidated appeal in which he contests the judgments of the post-conviction court and of the original trial court on remand.

Petitioner was found guilty of assault in the first degree and assault in the second degree after a jury trial in 1981. The judgment was affirmed on appeal. *State v. Guinn,* 56 Or App 412, 642 P2d 312 (1982). In post-conviction proceedings, he contended that (1) he was improperly shackled in the presence of the jury, (2) the trial court judge was prejudiced against him, and (3) he was denied the assistance of effective counsel, because his attorney failed to raise the shackling issue on direct appeal. Petitioner prevailed, based on the conclusion that the shackling resulted in a denial of his constitutional rights to a fair trial, and the court overturned the convictions. However, the court then fashioned a special remedy of remanding the case to the original trial court to decide whether there had been sufficient evidence at the time of trial to justify the shackling. The trial court conducted a hearing, found that there had been adequate justification and ordered reinstatement of the convictions.[1]

Petitioner raises five assignments of error on appeal. We find it necessary to address only two. He contends that the post-conviction court erred in remanding the shackling question to the trial court and that, instead, the post-conviction court should have granted him a new trial.[2] He also asserts

---

[1] The record of that after-the-fact hearing indicates that the district attorney had informed the trial judge before petitioner's 1981 trial that petitioner was regarded as a disciplinary problem by the security force at the penitentiary in addition to being a severe escape risk. Further, he had escaped in 1978 while being transported to the Marion County Courthouse and again in 1979 from a county jail. He had also been convicted of murder in California. One or more penitentiary informants had advised the penitentiary staff that petitioner was going to attempt to escape at some time during his trial. This, of course, is precisely the type of detailed information that the trial court should have included in the original trial record to demonstrate the necessity of shackling defendant.

[2] In remanding the case to the trial court, the post-conviction court acknowledged that such a procedure had not been used in other shackling cases. However, the court, in ordering that procedure, relied on two previous decisions of this court involving whether there had been a violation of discovery statutes. Unlike here, those cases involved whether the defendants' due process rights had been violated. *See State v. George,* 56 Or App 1, 640 P2d 1043 (1982); *State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1977).

that the trial court erred in concluding that there had been substantial evidence to justify shackling him at trial.

■■    ORS 138.550(2) provides:

> "When the petitioner sought and obtained direct appellate review of the conviction and sentence, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding."

Petitioner's attorney did not raise the shackling issue on direct appeal. He indicated in an affidavit in the post-conviction proceeding that he thought that the issue had been resolved by the trial court without prejudice to petitioner. However, because the shackling issue could have been raised at that time, but was not, petitioner was precluded by ORS 138.550(2) from raising the issue in post-conviction proceedings. *See also Reynolds v. Cupp,* 71 Or App 571, 692 P2d 648 (1984), *rev den* 298 Or 597 (1985). The post-conviction court therefore erred by considering the shackling issue at all. Accordingly, petitioner is also precluded from raising the issue in this appeal.[3]

Judgment of post-conviction court reversed and order of trial court on remand from post-conviction court vacated.

---

[3] Petitioner argued in the post-conviction proceedings that he was denied the assistance of effective counsel, because his attorney had not raised the shackling issue on the direct appeal. The post-conviction court ruled against him on that issue. Because he does not raise that ruling as an assignment of error on this appeal, we do not address it.